# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD WAYNE HOLMES,**

     **Petitioner,**

**v.**                                      **Case No. 3:13cv97**
                                             **(Judge Groh)**

**DAVID BALLARD, Warden,**

     **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On August 26, 2013, the *pro se* petitioner filed a Motion for Production of Transcript that was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, and docketed accordingly. Petitioner also filed an application to proceed *in forma pauperis* ("IFP") with supporting documents. The Clerk of Court issued a Notice of Deficient Pleading, directing petitioner to re-file his claims on a court-approved form petition. By Order entered August 27, 2013, petitioner was granted permission to proceed as a pauper but directed to pay the filing fee. Petitioner filed his court-approved form petition on September 16, 2013, and paid the requisite fee on September 19, 2013.

On September 23, 2013, the undersigned made a preliminary review of the petition and found that summary dismissal was not warranted. Accordingly, the respondent was directed to answer. On October 17, 2013, the petitioner filed a Renewed Pro Se Motion for Production of Transcript. By Order entered on October 22, 2013, the respondent was directed to file a response to petitioner's renewed motion for a transcript. That same day, the respondent moved for an extension of time to answer the petition. On October 29, 2013, the respondent filed a response in opposition to petitioner's motion for the transcript. By Order entered October 28, 2013, the respondent's motion to extend the time in which to respond to the petition was granted. On November 7, 2013, the petitioner replied to the respondent's motion opposing the renewed motion for transcript. By Order

entered November 19, 2013, the petitioner's renewed motion for the transcript was denied.[1]   On December 16, 2013, respondent filed its answer, along with a motion for summary judgment and a motion for leave to respond out of time.  The Court issued a <u>Roseboro</u>[2] notice on December 17, 2014, and by Order entered the same day, granted the respondent's motion for leave to respond out of time. Petitioner filed his own motion for summary judgment on December 19, 2013.  On January 16, 2014, petitioner responded to the respondent's dispositive motion. The motion is now ripe for this Court's review.

## A.  **Background**

In Harrison County, West Virginia, in the early morning hours of July 23, 2008, after drinking beer for several hours at home with his brother, a friend of his brother, and a female acquaintance ("Mrs. F."), the victim in this case, petitioner abruptly directed the two men to leave. The victim immediately became uncomfortable and attempted to leave as well.  However, petitioner grabbed her by her hair, pulled her away from the door and into his bedroom, where he threw her on the bed, stripped her of her clothing, and commenced a series of physical and sexual assaults.  The victim screamed, cried, begged to be let go, struggled and resisted, to no avail.  She sustained bruises on her arms, neck and torso from being repeatedly choked into submission and dragged back into the bedroom. She also had some of her hair pulled out by its roots. After more than six hours of this, the victim finally persuaded petitioner to let her go, telling him she had to be home by 10:00 am because her husband left for work then, and their young daughter would be home alone.  Petitioner permitted her to dress and leave, but he followed her on foot until she was two blocks from her home, a distance of about six-tenths of a mile.  Upon arrival, sobbing and shaking, she advised her husband of

---

[1] In doing so, the Court overlooked a second response filed by the respondent on November 5, 2013, wherein the respondent attached the transcript "in the hope this will avoid the court being barraged with the exchange of responses and replies." (Dkt.# 24 at 1).

[2] <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975)

the attack and he immediately called 911. The police arrived, investigated; photographed her bruises; and took her to the hospital, where she was examined by a Sexual Assault Nurse Examiner.

Petitioner provided two inconsistent statements to the police, at first denying that he had seen the victim at all that night. Later, in a tape-recorded statement given at the police station, he admitted that the victim had been at his home that night, but claimed they had had an ongoing relationship; the sexual intercourse was consensual; and he had walked her home, side by side, that morning. On July 25, 2008, he was arrested and charged with four felony counts of Second Degree Sexual Assault and one felony count of Abduction.

## B. **State Trial Proceedings**

At a late May, 2009 jury trial, petitioner's defense was that the sexual intercourse was consensual; he presented no witnesses other than himself. Trial counsel made oral motions at the close of the State's case, and again at the conclusion of the evidence, for a judgment of acquittal, or in the alternative, a new trial, but both were denied. On May 28, 2009, petitioner was convicted on all counts. On August 7, 2009, the State filed a post-trial recidivist information based on petitioner's prior felony convictions. On September 2, 2009 trial counsel moved the court to set aside the verdict or grant a new trial. By Order entered October 29, 2009, the motion was denied. After a trial commencing on September 29, 2009, a separate jury found that petitioner was the same individual convicted of the prior felonies.

At his December 21, 2009 sentencing, pursuant to the recidivist statute, petitioner received an enhanced sentence of life in prison on Count 1, the first count of sexual assault; ten to twenty-five years in prison for Count 2, the second count of sexual assault, to run consecutively to his life sentence; ten to twenty-five years for Count 3, the third count of sexual assault, to run concurrently to his sentence from Count Two; ten to twenty-five years in prison on Count 4, the final sexual assault count, to run concurrently to the sentence from Count Three; and three to ten years imprisonment on

Count 5 the abduction conviction,  to run consecutively with the terms of imprisonment imposed in Counts Two through Four.

## C. <u>Direct Appeal</u>

Petitioner's direct appeal to the West Virginia Supreme Court of Appeals ("WVSCA") raised these claims:

1) the Circuit Court erred in not granting petitioner's post-trial motions for judgment of acquittal with regard to the abduction charge, where the verdict was not supported by the evidence;

2) the Circuit Court erred in not granting petitioner's post-trial motions for judgment of acquittal with regard to the four (4) counts of Sexual Assault in the Second Degree, where the verdict was not supported by the evidence; and

3) the Circuit Court erred in allowing the taped statement of the petitioner to be played in open court in the presence of the jury.

By Order entered June 22, 2010, the WVSCA refused the appeal.

## D. <u>State Habeas</u>

Petitioner filed a State habeas petition in the Circuit Court of Harrison County, West Virginia on October 14, 2010. Appointed counsel then filed an amended petition,[3] raising nine grounds:

1) ineffective assistance of counsel for:

      a) failing to conduct a reasonable investigation;

      b) failing to adequately cross-examine witnesses;

      c) failing to consult with petitioner and inform him of all reasonable alternatives; and

      d) failing to inform petitioner of his right to remain silent;

2) denial of a right to a speedy trial;

3) excessiveness or denial of bail;

4) excessive sentence;

---

[3]  The record before the undersigned does not include a copy of either petitioner's original or amended State habeas petition; the summary of the claims made there was obtained from the Order of Circuit Court of Harrison County, West Virginia, denying relief and dismissing the petition.

5) consecutive sentence for the same transaction;

6) sufficiency of the evidence;

7) refusal to subpoena witnesses;

8) suppression of helpful evidence by the prosecutor; and

9) the State's knowing use of perjured testimony.

After an October 27, 2011 omnibus evidentiary hearing, at which petitioner waived a number of grounds on a <u>Losh</u>[4] checklist, on February 14, 2012 the court denied relief in a 37-page order.

Petitioner timely appealed the denial of his State habeas petition to the WVSCA, raising only two claims, that:

1) the Circuit Court erred by not finding trial counsel ineffective for not hiring an investigator, in violation of his Sixth Amendment right to counsel; and

2) the Circuit Court erred by not finding trial counsel ineffective for not conducting an adequate pre-trial investigation, in violation of his Sixth Amendment right to counsel.

On April 16, 2013, the WVSCA affirmed.

## II. <u>The Pleadings</u>

### A. <u>The §2254 Petition</u>

Petitioner's grounds for relief will be addressed in the general numerical fashion that petitioner has presented them, even though some of the claims overlap in subject matter and the constitutional question raised.

1) Trial counsel was ineffective for:

    a) failing to conduct a reasonable investigation;

    b) failing to adequately cross-examine witnesses;

    c) failing to subpoena witnesses whose testimony was essential to a complete defense;

    d) failing to confer with petitioner and inform him of reasonable alternatives;

---

[4] <u>Losh v. McKenzie</u>, 166 W.Va. 762 (W.Va. 1981).

e) failing to inform petitioner of his right to remain silent; and

f) both trial counsel failed to file a "bill of information [sic]" before trial, requesting the State to differentiate between the various sexual assault charges.[5]

2) Petitioner was denied due process under the Fifth, Eighth, and Fourteenth Amendments, when the State failed to prove the 4th essential element of the charge of abduction (i.e. "with intent to defile") beyond a reasonable doubt.

3) Petitioner was denied due process under the Fifth and Fourteenth Amendments when the State failed to prove four temporally distinct acts of forcible intercourse as alleged in the indictment.

4) The misconduct of the prosecutor in surreptitiously recording petitioner's statement to the police denied petitioner his right to a fair and impartial jury trial.

5) Double jeopardy occurred when the indictment stated four undifferentiated "carbon copy" counts of second degree sexual assault, violating petitioner's due process right to a unanimous verdict.

As relief, petitioner asks that his convictions and sentences be vacated.

## B. **The Respondent's Summary Judgment Motion**

The respondent argues that summary judgment should be granted in its favor because:

1) petitioner's ineffective assistance of counsel claims are insufficiently pled and he cannot overcome the doubly deferential standard applicable to claims of ineffective assistance;

2) petitioner's Grounds 1 (ineffective assistance); Ground 3 (failure to prove 4 separate acts of forcible intercourse); and 4 (prosecutorial misconduct) are exhausted; Ground 2 (abduction) is exhausted in part, and Ground 5 (double jeopardy) is unexhausted.

3) petitioner's Ground 5 double jeopardy claim is not cognizable on federal habeas review because it does not raise a federal constitutional right;

4) the State set forth sufficient evidence to support all four acts of forcible sexual intercourse; and

5) petitioner has procedurally defaulted his Ground 4 claim of prosecutorial misconduct, because he did not raise it in this format before the WVSCA.[6]

## C. **Petitioner's Motion for Summary Judgment**

---

[5] This claim of counsel's ineffectiveness was actually made within petitioner's Ground Five "double jeopardy" claim, but is included here for clarity and ease of reference.

[6] Respondent's claim in this regard contradicts its earlier claim in its Answer, that Ground 4 was exhausted. See Dkt.# 30 at 16 -17. Cf. Dkt.# 28 at 2.

Petitioner argues that he is entitled to summary judgment, and consequently, the vacation of all his convictions and sentences, because the respondent's response was untimely.

**D. Petitioner's Response to Respondent's Summary Judgment Motion**

Petitioner reiterates his claims and attempts to refute the State's arguments on the same. For the first time, he states a federal basis for his claims of ineffective assistance of counsel. He requests permission to amend his petition; asks that his petition be held in abeyance to permit him to exhaust; and/or asks that the court sever his unexhausted claims and permit him to seek adjudication of them in state court.

## III. Standard of Review

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 - 49 (1986).

In viewing the motion for summary judgment, the Court must do so under the constraints imposed by the habeas statue. Under § 2254, this Court may not grant federal habeas relief unless it concludes that West Virginia's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362 (2000). A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," 28 U.S.C.A. § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached

by the Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 405. A state court decision "involves an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court," 28 U.S.C.A. § 2254(d)(1), if the state court decision "identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 412. An objectively "unreasonable application of federal law is different from an incorrect or erroneous application of federal law." <u>Id.</u> Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable" for habeas relief to be granted. <u>Id</u>. at 411.

As these principles make clear, § 2254(d) imposes a powerful limit on the relitigation of claims that have already been rejected by state courts:

> [Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. <u>Jackson v. Virginia</u>, 443 U.S. 307, 332 n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

<u>Harrington v. Richter</u>, 131 S.Ct. 770, 786–87 (2011). A habeas petitioner proceeding under §2254 bears the burden of showing that he is entitled to habeas relief under this highly deferential standard.

Finally, determinations of factual issues by the state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error

on the state court's part." <u>Sharpe v. Bell</u>, 593 F.3d 372, 378 (4th Cir. 2010). This standard "reflects Congress's view that there is no reason for a do-over in federal court when it comes to facts already resolved by state tribunals." <u>Id</u>. Accordingly, courts should not "casually cast aside a state court's factual findings. <u>Id</u>.

## IV. <u>Analysis</u>

### A. <u>Petitioner's Summary Judgment Motion for Default Judgment</u>

Petitioner contends that he is entitled to a default judgment because the respondent was untimely in answering the petition.

In the original September 23, 2013 Order to Answer, the respondent was directed to respond by October 23, 2013. However, on October 17, 2013, petitioner filed a renewed *pro se* motion seeking a copy of a transcript of the jury instructions, contending that he intended to amend his petition once he received it.  On October 22, 2013, the respondent filed for an extension of time to respond to the petition, citing having recently received the case as a result of numerous personnel changes at the Appellate Division of the Office of the West Virginia Attorney General.  The extension was granted until November 27, 2013.  However, the respondent did not file its response[7] until December 16, 2013, nineteen days late. Along with its answer and dispositive motion, the respondent filed a motion to respond out of time, explaining:

> The Petitioner requested that he be provided the jury instructions from his State criminal trial. He specifically stated in his Response to Respondent's Objection to Production of Transcript Containing Jury Instruction that "Petitioner will seek leave to amend his petition for post-conviction relief by a prisoner in state custody after he has had an opportunity to examine the jury instructions." The Respondent gratuitously provided a copy of the instructions and was awaiting the Petitioner's Motion to Amend before answering. Having now been ordered by the Court to answer, on the assumption this answer would be late, the Respondent apologizes for the delay in taking the Petitioner at his word and requests to file the herein answer.

Dkt.# 32 at 1.

---

[7] However, the respondent did file two responses to petitioner's renewed motion for the transcript, on October 29 and November 5, 2013, respectively.

By Order entered the following day, the court granted the respondent's motion. Thus, while petitioner received a response to the petition 112 days after it was first filed, he received it within 88 days after he finally corrected his deficient pleadings and paid the filing fee.

Both 28 U.S.C. §2243 and Fed.R.Civ.P. 81 clearly establish a response time in habeas of "three days unless for good cause additional time, not exceeding twenty days."[8] Further, the history of habeas proceedings establishes that habeas corpus claims should receive "a swift, flexible, and summary determination," due to the nature of the relief requested, namely, release from illegal confinement.[9] However, Rule 1 of the § 2254 Rules defines the scope of the Section 2254 rules. Specifically, it states:

(a) Applicable to cases involving custody pursuant to a judgment of state court. These rules govern the procedure in the United States district courts on application under 28 U.S.C. §2254:

(1) by a person in custody pursuant to a judgment of a state court, for a determination that such custody is in violation of the Constitution, laws, or treaties of the United States; and

(2) by a person in custody pursuant to a judgment of either a state or federal court, who makes application for a determination that custody to which he may be subject in the future under a judgment of a state court will be in violation of the Constitution, laws, or treaties of the United States.

(b) Other situations. In applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court.

Rule 1 of the Rules Governing § 2254 Cases in United States District Courts.

Further, Rule 4 of the Rules Governing § 2254 Cases has been interpreted to supersede the inflexibility of the response times outlined in 28 U.S.C. § 2243. Based on the 1976 Advisory Committee Notes, it is clear that Rule 4 was promulgated with the intention of giving the Court more

---

[8] See 28 U.S.C. § 2243; Fed.R.Civ.P. 81(a)(2).

[9] Preiser v. Rodriguez, 411 U.S. 475, 495 (1973).

discretion and flexibility in ordering a response than previously allowed under § 2243.[10]  Rule 4 of the § 2254 Rules states:

> Rule 4. Preliminary Review; Serving the Petition and Order
> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, ***the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.***

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts (emphasis added).

The time frames as set in 28 U.S.C. §2243 and Rule 81(a)(2) were adopted at a time when Courts were not inundated with the number of habeas petitions as are currently filed by prisoners. Therefore, the Court recognizes the impracticability (if not impossibility) of requiring a respondent to respond to a habeas corpus petition in three days.  Indeed, in most circumstances, even a twenty-day time limit may not be possible.  The Court recognizes the need for flexibility, due to the ever-increasing number of habeas cases filed; the difficulties and delays inherent in obtaining records from multiple state courts; and the large volume of material that must not only be gathered from multiple sources, but reviewed and interpreted before a response is drafted.

Here, while there was delay, petitioner's October 17, 2013 *pro se* renewed motion for the transcript of the jury instructions led both the Court and respondent to believe that he intended to amend his petition once he received the transcript of the jury instructions.  However, petitioner received the transcript on or about November 7, 2013, and no amended petition was ever filed. Further, the record reveals that in petitioner's original December 15, 2009 Appellate Transcript Request,[11] he specifically omitted requesting a copy of the transcript of the jury instructions, a

---

[10] "In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made.  Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause."

[11] <u>See</u> Dkt.# 29-10 at 4.

transcript he was entitled to receive. Had he requested it then, there would have been no need to delay the instant proceedings seeking it. Thus, the undersigned finds that the delay, while unfortunate, was not excessive, and was induced as much by petitioner's own actions as those of the respondent. Accordingly, the undersigned recommends that petitioner's motion for default be denied.

**B.  Exhaustion of State Remedies**

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b).  Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies.  Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied,* 490 U.S. 1076 (1989).  To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court.  Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997), cert. denied, 522 U.S. 833 (1997).  "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim.  The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911.  "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the WVSCA.  See Moore v. Kirby, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F.Supp. 113, 114 (N.D. W.Va. 1993).  A federal court

may only consider those issues the petitioner presented to state court,[12] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. §2254(c).

In addition, it is petitioner's burden to demonstrate that he has exhausted his state judicial remedies.  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied,* 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition."  Id.  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."  Duncan v. Henry, 513 U.S. 364, 365 (1995).  Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights."  Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).  Finally, a petitioner must show that the claims he raised in the state proceedings are the exact same claims he is raising in a federal habeas petition.  See Pitchess v. Davis, 421 U.S. 482, 487 (1975); see also Picard v. O'Connor, 404 U.S. 270, 275 – 76 (1971). "It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982)(internal citations omitted).  Not only must the claim itself be the same, but the same factual grounds must be raised in support of the claims in state court as in federal court, and a specific federal constitutional claim must be raised in the state proceedings. (Id.)

---

[12] Picard v. Connor, 404 U.S. 270 (1971).

Here, petitioner has filed a direct appeal to the WVSCA which was refused; a State petition for writ of habeas corpus; and an appeal of the denial of his State habeas petition to the WVSCA. After a review of the available record, the undersigned concludes that there was no federal basis raised for any of the claims raised on direct appeal. Moreover, only one of petitioner's instant claims is fully exhausted: Ground One(a), a claim of ineffective assistance that petitioner raised on in his State habeas petition and again on appeal of that State habeas petition to the WVSCA. Although the undersigned does not find a copy of the State habeas petition within the record, to confirm whether petitioner raised the same federal claim there that he now raises here,[13] the point is moot because it is apparent that at least on its appeal, petitioner did cite to a federal source of law or case deciding the claim on federal grounds, sufficient to inform the state court that the challenges were being made on both state and federal grounds.

Although *pro se* petitions are to be liberally construed, as set forth in Haines v. Kerner, 404 U.S. 519 (1972), habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 75, n. 7 (1977) (internal quotations omitted). A habeas petitioner must come forth with evidence that a claim has merit. Nickerson v. Lee, 971 F. 2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993). Unsupported, conclusory allegations do not entitle a habeas petitioner to relief. Id.

Here, most of the claims in the petition are insufficiently pled, bare-bones, conclusory allegations, made with little or no argument in support, let alone any citation to indicate a federal basis. In his reply to the respondent's summary judgment motion, however, petitioner finally provided some argument in support and a federal basis for most of the claims. Nonetheless, it appears that most of the claims raised in the instant petition were never raised before the WVSCA in

---

[13] Petitioner did not include a federal basis for the claim until he replied to the defendant's dispositive motion; the original petition merely listed the claim without any mention of the violation of a federal constitutional right.

the form he now raises them and at least one was never raised at all; therefore, they are not exhausted, because petitioner still has a remedy available in State Court for them. Accordingly, because only one of his claims is fully exhausted, petitioner has filed a "mixed petition."[14] Although some of the claims raised in the instant petition are somewhat similar to claims raised below, that is insufficient, under <u>Anderson v. Harless</u>, *supra* at 6. "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." <u>Breard v. Pruett</u>, *supra* at 619. More specifically, the undersigned makes the following findings with regard to each of petitioner's individual claims:

- **Ground One(a): Counsel was ineffective for failing to conduct a reasonable investigation**. This claim was raised in petitioner's first state habeas petition and again in its appeal to the WVSCA, albeit there as a claim that *the Circuit Court erred* in not finding counsel ineffective for failing to conduct an adequate pre-trial investigation. Liberally construed, it appears to be the same claim. Although it is unknown whether a federal ground for the claim was stated in the circuit court below, because a federal ground was stated for the claim when it was appealed to the WVSCA, and petitioner finally added one in his response to the respondent's summary judgment motion, it is fully exhausted.

- **Ground One(b): Counsel was ineffective for failing to adequately cross-examine witnesses at trial.** This claim was raised in petitioner's State habeas, but not on appeal of the State habeas to the WVSCA. Thus, it is not exhausted.

- **Ground One(c): Counsel was ineffective for failing to subpoena witnesses whose testimony was essential to a complete defense**. This claim was generally raised in petitioner's State habeas petition as a failure by counsel "to adequately investigate the case before trial," but was not raised using the same specific factual ground on its appeal. Thus, it is not exhausted and petitioner still has a potential remedy available in state court.

- **Ground One(d): Counsel was ineffective for failing to confer with petitioner and inform him of reasonable alternatives**. This claim, while raised in petitioner's State habeas, was not raised on its appeal to the WVSCA, thus, it is not exhausted.

- **Ground One(e): Counsel was ineffective for failing to inform petitioner of his right to remain silent**. This claim was raised in his State habeas petition, but not in its appeal; thus, it is not exhausted.

---

[14] A "mixed petition" is one that contains both exhausted and unexhausted claims.

- **Ground One(f): Both of petitioner's trial counsel were ineffective for failing to file a "bill of information [sic]," requesting the State to differentiate between the various sexual assault charges.** This specific claim was never raised on appeal, in petitioner's State habeas or its appeal, thus, it is not exhausted.

- **Ground Two: Petitioner was denied due process under the Fifth, Eighth, and Fourteenth Amendments, when the State failed to prove the 4th essential element of the abduction charge (i.e., "intent to defile") beyond a reasonable doubt**. While petitioner did raise a claim on direct appeal regarding the abduction charge, it was not raised as a *federal* claim; further, it relied on a different factual basis than petitioner now raises (i.e., the alleged abduction was merely incidental to the sexual assault, as opposed to his instant claim: that there was insufficient evidence presented at trial from which the jury could find him guilty beyond a reasonable doubt, because the element of "intent to defile" was not proven). Thus, this claim is not exhausted.

- **Ground Three: Petitioner was denied due process under the Fifth and Fourteenth Amendments, when the State failed to prove four temporally distinct acts of forcible intercourse as alleged in the indictment**. This claim was raised on direct appeal without a federal basis, as "the Circuit Court erred in not granting petitioner's post trial motion for judgment of acquittal on the four counts of 2nd degree sexual assault where the verdict not supported by evidence." Petitioner apparently raised another similar claim in his State habeas, but it was a general "insufficient evidence presented at trial from which the jury could find petitioner guilty beyond a reasonable doubt,"[15] but it lacked the specific allegation of a failure to prove 4 temporally distinct acts of forcible sexual intercourse, as stated here. However, that claim was not included in the appeal of petitioner's State habeas. Even if petitioner had raised the claim using the same factual grounds used when he raised it on direct appeal, because this claim was raised as violation of a federal constitutional right for the first time in the instant petition, it is not exhausted.

- **Ground Four: The misconduct of the prosecutor in surreptitiously recording petitioner's statement to the police denied petitioner his right to a fair and impartial jury trial**. A claim regarding the taped statement was raised on direct appeal. However, no violation of a federal constitutional right was alleged; the claim there was that the Circuit Court erred in permitting the taped statement to be played at trial, in violation of the West Virginia Rules of Evidence, not the constitutional claim made here. This claim was not raised in petitioner's State habeas or in its appeal. Accordingly, it is not exhausted.

- **Ground Five: Double jeopardy occurred when the indictment stated four undifferentiated "carbon copy" counts of second degree sexual assault, violating petitioner's due process right to a unanimous verdict**. This claim was never raised on direct appeal using this factual basis; rather, petitioner's claim on direct appeal was that the Circuit Court erred in not granting his post-trial motions for

---

[15] Without a copy of that State habeas petition, it is unknown whether it stated a violation of a federal right; however, the point is moot because petitioner did not include the claim in his appeal of the denial of the State petition to the WVSCA.

16

judgment of acquittal on the abduction charge, where the verdict was not supported by the evidence because the abduction and assault arose from the same transaction, thus constituting the same offense for purposes of double jeopardy. Further, petitioner did not raise a double jeopardy claim in his State habeas; indeed, he specifically waived it in his <u>Losh</u> checklist at his omnibus evidentiary hearing. Thus, this claim is not exhausted. Moreover, because it is actually merely an attack on the sufficiency of the indictment, it is not a constitutional question cognizable on federal habeas review.[16]

In <u>Rose v. Lundy</u>, 455 U.S. (1982), the United States Supreme Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims. At the time the Supreme Court issued that decision, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had not been enacted, and there was no statute of limitations on federal habeas corpus petitions.[17] Therefore, dismissal without prejudice did not preclude a petitioner from returning to federal court once his claims were exhausted in state court proceedings.

However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." <u>Rhines v. Weber</u>, 544 U.S. 269, 275 (2005). When "a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. . . Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion."

---

[16] It has long been held that "the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings." <u>Knewel v. Egan</u>, 268 U.S. 442, 446 (1925). In fact, the Fifth Amendment requirement of an indictment by a grand jury has never been extended to the states. <u>See</u> <u>Alexander v. Louisiana</u>, 405 U.S. 625, 633 (1973) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury."). It then follows that because there is no federal constitutional requirement that a state proceed on criminal charges by way of indictment, then there can be no federal constitutional challenge to the sufficiency of the state indictment itself. What is required of a state indictment turns purely on an interpretation of state law.

[17] Pursuant to AEDPA, a one-year limitation period within which to file a federal habeas corpus motion was established.

Id. at 275. Accordingly, the Supreme Court has held that a federal district court may, under some circumstances, stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims. Nonetheless, a stay and abeyance procedure, "if employed too frequently, has the potential to undermine [the] twin purposes" of the AEDPA to reduce delays in the execution of state and federal criminal sentences and to encourage petitioners to seek relief in state court in the first instance. Rhines, 544 U.S. at 277. Therefore, stay and abeyance procedures are only available in limited circumstances.[18] Id.

The procedure recognized by the court in Rhines allows the district court the option of staying a federal habeas petition and holding in abeyance to allow a petitioner to return to state court to exhaust his previously unexhausted claims. Once total exhaustion has been achieved, the stay is lifted and the petitioner may proceed in federal court. However, this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court, a situation not present here. Thus, if a petitioner seeks a stay in order to exhaust claims pleaded in the original petition, then, he is required to allege facts showing (1) that "good cause" exists for his failure to exhaust the unexhausted claims; and (2) that the unexhausted claims are "potentially meritorious" on federal habeas corpus review. Rhines, 544 U.S. at 27-78.

Here, petitioner has not shown good cause for the failure to exhaust his claims in state court; his arguments attempting to rebut the respondent's position on this point lack merit. It is unclear whether petitioner appreciates the significance of his failure to include a federal constitutional basis for the claims he raised on direct appeal. While petitioner did file a State habeas petition and then appealed it; on appeal, inexplicably, he only raised two claims of ineffective assistance,[19] effectively

_____

[18] Those circumstances include instances in which the petitioner has shown good cause for his failure to exhaust, that his unexhausted claims are potentially meritorious, and where there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

[19] Of the two claims he exhausted on appeal of his State habeas, he only raised one here: counsel's ineffectiveness for failing to conduct a reasonable investigation.

abandoning the remaining claims of ineffective assistance he now seeks to raise here, as well as all the other habeas claims he raised in State court. Petitioner's numerous unexhausted claims were known to petitioner, or should have been, at the time the State habeas appeal was filed; thus, those claims should have been included at that time.

Finally, even if the petitioner could establish good cause for not raising his unexhausted claims in his prior petition, granting a stay and abeyance is unnecessary: the statute of limitations for timely re-filing his federal habeas petition has not yet expired.[20] As previously established, the

---

[20] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2244(d). The limitation period shall run from the latest of:

    A) the date on which the judgment of conviction becomes final by the conclusion of direct review of the expiration of the time for seeking such review;

    B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Where a federal prisoner does not file a petition for writ of certiorari with the United States Supreme Court, the one year limitation begins to run when the time for filing a writ - 90 days - expires.

    Here, petitioner was convicted on May 28, 2009 and sentenced December 21, 2009. His direct appeal to the WVSCA was refused June 22, 2010. Although he did not petition for a writ of *certiorari,* he had until September 20, 2010 to do so. He filed his State habeas corpus petition on October 14, 2010, 24 days after his judgment became final. It was denied on February 14, 2012; he timely appealed the denial of his State habeas corpus petition to the WVSCA; the decision of the Harrison County Circuit Court was affirmed on April 16, 2013. He had until July 15, 2013 to petition for a writ of *certiorari* to the United States Supreme Court, but did not do so. He filed his instant federal habeas petition on August 26, 2013.

    Therefore, petitioner's judgment became final on September 20, 2010. Accordingly, the one-year limitations period began to run and ran for 24 days, because petitioner did not file his State habeas petition until October 14, 2010. See 28 U.S.C. § 2244(d)(2) [providing "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."]; Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). His limitations period then remained tolled throughout the pendency of the State habeas petition until the WVSCA affirmed the decision denying it on April 16, 2013. He then had until July 15, 2013 to petition the United States Supreme Court for *certiorari*, but did not do so. Accordingly, on July 15, 2013, the 1-year limitations period began to run again, because at that point, "an application for state postconviction review no longer exist[ed] . . .[because an] application for state postconviction review is . . . not 'pending' after the state's post-conviction review is complete, and §2244(d)(2) does not toll the1-year limitations period during the pendency of a petition for *certiorari.*" Lawrence v. Florida, 549 U.S. 327, 1082 - 83 (2007). Petitioner waited until August 26, 2013 to file his instant §2254 petition. Consequently, the limitations period began to run again on July 15, 2013, and by the time he filed his federal habeas petition on August 26, 2013, another 42 days of the one-year period had elapsed. The limitation period began to run again, upon the filing of the §2254 petition. As of March 25, 2014, another 21 days have run, for a total of 277 days. Thus, as of the date of this Report and Recommendation, petitioner has 88 days

petitioner filed this case on August 26, 2013. Because the time in which a federal habeas petition is pending does not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), see Duncan v. Walker, 533 U.S. 167 (2001), the one-year federal time limit has not yet elapsed. He must either sever his unexhausted claims, or, in the absence of available State corrective process, he must demonstrate cause and prejudice for the default. Here, however, petitioner has not yet raised most of his federal claims before the highest state court, thus, he cannot rely on the futility of doing so.

Petitioner has failed in his burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, *supra* at 619. Despite being given the opportunity to rebut the respondent's contention in its motion for summary judgment that petitioner still had not fully exhausted all of his claims, petitioner's response offers little support for his failure to do so.

Pursuant to Rose v. Lundy, 455 U.S. 509 (1982), a federal district court may not adjudicate mixed petitions and the "AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005). Consequently, that is the position petitioner is in, and he is advised that he has two options. He may elect to sever his unexhausted claims and seek review only of his one fully-exhausted claim, or, if he chooses to move forward with his mixed petition, the Court will be required to dismiss the entire case with prejudice.

As for petitioner's motion to amend, made in his response to the respondent's motion for summary judgment, the undersigned finds that permitting the petitioner to amend his petition would not change the outcome of this case.

---

left in his one-year limitations period, ample time in which to return to State court to file a second state habeas petition, to complete exhaustion. While it is true that that is a limited time left before the period of limitations expires, it is not so brief that petitioner will be foreclosed from promptly returning to federal court after exhausting his state court remedies. Petitioner need not wait for this Court to enter its final Order on this Report and Recommendation to file a second habeas petition in State court, to file a second habeas petition in State court toll the limited time left remaining in the one-year period of limitations.

## V.    Recommendation

For the reasons previously set forth, and given the petitioner's *pro se* status, the undersigned feels compelled to make the following alternate recommendations:

1) it is hereby recommended that the petition (Dkt.#  1 and 10) in this case be construed as a "mixed petition" and that it be **DISMISSED without prejudice** from the active docket of this Court. In light of this recommendation, the undersigned further recommends that the Respondent's Motion for Summary Judgment (Dkt.# 34) be **DENIED as moot**.  In the alternative,

2) in the event the petitioner objects to the construction of his petition as a mixed petition, and instead, seeks to proceed only on the exhausted claim, the undersigned hereby recommends that the Respondent's Motion for Summary Judgment (Dkt.# 34) be **GRANTED** and the petition (Dkt.# 1 and 10) **DISMISSED with prejudice**.

In light of these rulings, petitioner's motion to amend the petition, contained within his response to the respondent's summary judgment motion (Dkt.# 36 at 4) should be **DENIED AS FUTILE and/or MOOT**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by April 8, 2014**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.   The Clerk is further directed to provide a copy of this Report and Recommendation

electronically to Scott E. Johnson, Office of the Attorney General, 812 Quarrier Street, 6th Floor,

Charleston, WV 25305.

DATED: March 25, 2014

/s/  James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE