# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**DONALD WAYNE HOLMES,**

    Petitioner,

**v.**                                                       **CIVIL ACTION NO. 3:13-CV-97**
                                                              **(JUDGE GROH)**

**DAVID BALLARD, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the report and recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation. Magistrate Judge Seibert filed his report and recommendation [Doc. 37] on March 25, 2014.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v.

1

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, objections to Magistrate Judge Seibert's report and recommendation were due within fourteen (14) days after being served with a copy of the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner was required to file his objections by April 14, 2014. Petitioner did not file any objections to the report and recommendation. Accordingly, this Court will review the report and recommendation for clear error.

On August 26, 2013, Petitioner, acting *pro se*, filed a Motion for Production of Transcript that was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 23, 2013, Magistrate Judge Seibert conducted a preliminary review of the petition and found that summary dismissal was not warranted. Therefore, Respondent was directed to answer. On December 16, 2013, Respondent filed its answers and a motion for summary judgment. Petitioner filed his own motion for summary judgment on December 19, 2013. On January 16, 2014, Petitioner responded to Respondent's dispositive motion. On March 25, 2014, Magistrate Judge Seibert entered a report and recommendation as to the pending motions.

In this case, Magistrate Judge Seibert found that Petitioner's petition should be construed as a "mixed petition" because it contains both exhausted and unexhausted claims. Exhaustion of state remedies has two aspects. First, a petitioner must use "all available state remedies before he can apply for federal habeas relief." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997)). A petition for a writ of habeas corpus is not a substitute for pursuing state

judicial remedies.  See 28 U.S.C. § 2254(b). Second, a petitioner must have offered the state courts an adequate opportunity to address the constitutional claims advanced in his federal habeas petition.  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995)).  To fairly present the claims, "the operative facts and the controlling legal principles must be presented to the state court." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (internal quotation marks and citation omitted).

In reviewing Petitioner's petition, Magistrate Judge Seibert found that most of the claims raised were never raised before the West Virginia Supreme Court of Appeals in the form he now raises them and at least one claim was never raised at all.  Therefore, Magistrate Judge Seibert found the claims were not exhausted because Petitioner still had a remedy available in state courts.  However, Petitioner presented both exhausted and unexhausted claims in his petition.  The United States Supreme Court requires district courts to "dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982).  Although under some circumstances a district court may stay rather than dismiss a mixed petition without prejudice, Magistrate Judge Seibert found that a stay was not appropriate in this case as Petitioner did not present good cause for failing

3

to exhaust his claims and the statute of limitations for timely re-filing his federal habeas petition had not expired. See Rhines v. Weber, 544 U.S. 269, 277 (2005) (stating a district court may use a stay and abeyance procedure if the court believes petitioner had good cause for failing to exhaust his claims in state court and the unexhausted claims are not "plainly meritless").

Upon review of the above, it is the opinion of this Court that the report and recommendation **[Doc. 37]** should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that Petitioner's 28 U.S.C. § 2254 petition be construed as a "mixed petition" and that it be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN FROM THE DOCKET OF THIS COURT**. Therefore, Respondent's Motion for Summary Judgment is **DENIED AS MOOT** and Petitioner's Motion to Amend the petition within his response to Respondent's summary judgment motion is **DENIED AS FUTILE and MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: April 17, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE